UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-143 |
| JAMES A. WALKER | SECTION "N" |

# **O R D E R**

Before the Court is Defendant's Petition for Habeas Corpus (Rec. Doc. 60), filed pursuant to 28 U.S.C. § 2255, which is opposed by the government (Rec. Doc. 67). Considering all the parties' submissions, including the Defendant's Reply Memorandum (Rec. Doc. 68),

**IT IS ORDERED** that the Defendant's Petition is **DENIED** for the reasons set forth herein.

## I. BACKGROUND

On May 21, 2010, the Defendant was indicted in the Eastern District of Louisiana for Receipt and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252 (a)(4)(B). (Rec. Doc. 1). In connection with his guilty plea, Walker signed a factual basis (Rec. Doc. 25), admitting that the following facts would be established by the government were his case to go to trial:

1. On or about May 14, 2009, U.S. Immigration and Customs Enforcement (ICE) agents conducted a consensual interview of the Defendant at his home located at 76503 Jay Normand Drive, Covington, Louisiana. During their interview, the Defendant provided written consent to allow the agents to search his computers. The agents recovered two computers, one of which was found to contain images of child pornography.

2. Walker subscribed to websites that contained child pornography and he knowingly

received images of child pornography. A forensic search of Walker's computer media revealed approximately 170 images depicting the sexual victimization of children.

    3. Walker admitted to federal agents that he knowingly purchased access to child pornography websites and that he downloaded and saved images of child pornography. According to Walker, he had paid for access to websites offering child pornography. Walker told investigators that they would find child pornographic images on his computers. Walker said he used his PayPal account to pay for access to child pornography websites. When asked by agents if he knew that receipt and possession of child pornography was illegal, Walker responded "Of course I did."

    4. Some of the child victims depicted in the images possessed by Walker were of real, identifiable victims, less than the age of eighteen (18) at the time the child pornography was created. In addition, some of the child victims depicted in the materials possessed by James Walker were of prepubescent children less than twelve (12) year old, and the images portray the child victims engaged in "sexually explicit conduct" as defined in Title 18, United States Code, Section 2256. The images of child pornography had been transported in interstate commerce via computer.

On December 22, 2010. Walker pled guilty to receipt of child pornography pursuant to a plea agreement in which Walker specifically waived his appellate rights. (Rec. Doc. 26). On May 11, 2011, this Court sentenced Walker to 63 months imprisonment. (Rec. Doc. 47). Walker filed a Timely notice of appeal on May 23, 2011.

Walker appealed his conviction to the United States Court of Appeals for the Fifth Circuit. His appellate counsel, Robin Schulberg, raised the following issue on appeal: the indictment failed to charge him with an offense under §2252(a)(2) because it did not allege specifically that he knew

the visual depictions he received involved the use of a minor engaging in sexually-explicit conduct; and, as a result, the defect is jurisdictional and not waived by his guilty plea.

The Fifth Circuit affirmed Walker's conviction on May 4, 2012, finding that he waived any challenge to the sufficiency of the indictment by pleading guilty. (Rec. Doc. 63). However, because the written judgment stated that the offense of conviction was receipt and possession of child pornography, the court remanded for the limited purpose of correcting the judgment to reflect that Walker was convicted of receipt of child pornography.

On May 10, 2012, Walker filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

A defendant who pleads guilty waives all nonjurisdictional defects in the prior proceedings. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (*quoting United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007)). As the Fifth Circuit has noted,

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. 759, 770, 90 S. Ct. 1441, 25 L. Ed. 2d 763, (1970)].

*Id.* (*quoting Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973)).[1] In *McMann*, the Supreme Court stated that as long as counsel's "advice was within the range of competence demanded of attorneys in criminal cases," a guilty plea will be considered intelligent

---

[1]Defendant notes that his plea agreement only refers to the waiver of § 2255 relief with respect to his sentence, not his conviction. (Rec. Doc. 26 at 2). However, as evidenced by this authority, the waiver of post-conviction claims regarding constitutional rights does not stem for each defendant from his plea agreement, but from the nature of the guilty plea itself.

and not vulnerable to challenge. *See McMann*, 397 U.S. at 770-71, 90 S. Ct. 1441, 25 L. Ed. 2d 763. Further, a defendant may assert an ineffective assistance claim after a guilty plea "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004) (*quoting United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)).

A valid plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Juarez*, 672 F.3d 381, 385-86 (5th Cir. 2012) (*quoting Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)). In order to make a knowing and intelligent choice, the defendant needs to understand the meaning and consequences of his guilty plea, which include the maximum prison term and fine for the offense. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (*citing Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)). "As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." *Pearson*, 910 F.2d at 223 (*quoting United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to rationally weigh his options with the help of counsel." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (*quoting Brady v. United States*, 397 U.S. 742, 750, 90 S. Ct. 1463 (1970)).

Here, Defendant's guilty plea "represent[ed] a voluntary and intelligent choice among the alternative courses of action available to the defendant." *Juarez*, 672 F.3d at 385-86 (*quoting Hill*, 474 U.S. at 56, 106 S. Ct. 366, 88 L. Ed. 2d 203). Defendant was informed of and understood the consequences of his plea, as evidenced by his signature on the Plea Agreement, which states that

"[D]efendant further understands that . . . the maximum penalty [he] may receive should his plea of guilty be accepted is twenty (20) years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to [him] or twice the gross loss to any person." (Rec. Doc. 26 at 1). Because Defendant understood the consequences of his plea, he entered into it knowingly.

Defendant claims in his petition that he was under great mental and emotional stress while the government prosecuted him and that his guilty plea was coerced. However, Defendant states that "[c]ounsel convinced [Defendant's] children that he . . . could get 20 years if he went to trial (in effect a life sentence due to his age - 70). In their love for their father they exerted pressure for him to plead out." (Rec. Doc. 60 at 11). This statement demonstrates that Defendant knowingly weighed the options available to him and made a reasoned, logical decision to plead guilty rather than risk a twenty-year sentence after going to trial. While Defendant states that his guilty plea was coerced, he presents no evidence of coercion. Children encouraging their father, out of love, to plead guilty rather than risk a heavy sentence after trial cannot be considered coercion. Therefore, Defendant's plea is valid, having been entered voluntarily, knowingly and intelligently. As such, the Court need not examine whether counsel provided ineffective assistance because even if counsel was incompetent, Defendant was not prejudiced by the incompetence. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case, there is 'no actual and substantial disadvantage' to the defense." (*quoting United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984))).

Defendant's other claims regarding the sufficiency of the government's evidence, specifically addressing the unavailability of the website and the admissibility of the agents statements, are not valid grounds for relief under 28 U.S.C. § 2255 after a guilty plea. *McQueen v.*

*Tanner*, 10-3649, 2011 WL 692033, at *4 (E.D. La. Feb. 3, 2011) ("[The guilty] plea . . . waived any claim challenging the sufficiency of the state's evidence. Simply put: 'The *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 2790, 61 L. Ed. 2d 560 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to conviction based on a guilty plea.'" (*quoting Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986))). Defendant's petition for relief under 28 U.S.C. § 2255 is **DENIED**.

New Orleans, Louisiana, this 24th day of September, 2012.

**KURT D. ENGELHARDT**
**United States District Judge**